## SISSON, CROCKER & CO. v. JOHNSON et al.

### No. 18,102; October 6, 1893.

#### 34 Pac. 617.

**Injunction Against Trespass.**—A **Complaint by a Corporation Operating a Sawmill**, which alleges that plaintiff, the owner in fee of certain land, commenced the construction of a logging road thereon to convey timber to the mill; that defendants entered on the land, and obstructed the men employed by plaintiff in continuing the work, threatening to use violence should they persist, whereby the work was stopped; that such interruption was repeated when an attempt was again made to construct the road, and that defendants threaten such interruption whenever the work is attempted; that the road is necessary for the operation of the sawmill; and that defendants are insolvent—warrants the granting of a preliminary injunction.

APPEAL from Superior Court, Siskiyou County; J. S. Beard, Judge.

Action by Sisson, Crocker & Co., a corporation, against F. M. Johnson and others, for an injunction. A preliminary injunction was granted, and, from an order denying a motion to dissolve the same, defendant Johnson appeals. Affirmed.

The complaint alleges that plaintiff is a corporation, and that it "was, on and before May 1, 1892, ever since has been, and now is, the owner in fee of" certain described land. It then alleges as follows: "That on or about May 15, 1892, said plaintiff herein commenced the construction of a logging road on the land hereinabove described, for the purpose of conveying the timber from said land to the sawmill of the said plaintiff, and that for said purpose said plaintiff employed a large number of men, to wit, about seven men, at a great expense, to wit, about twenty-five ($25) dollars; that on or about May 25, 1892, the said defendant herein entered upon the premises hereinabove described, and obstructed and prevented the men employed as aforesaid by said plaintiff for the purpose of building said logging road from continuing their work thereon; that said defendants did at said time threaten to use. violence toward said men, if they, or any of them persisted in

constructing said logging road on said lands, and that the men so employed by said plaintiff as aforesaid were by said threats of said defendants frightened, and prevented from continuing their work on said logging road, and that the construction of said logging road was thereby wholly stopped; that said plaintiff caused said men to attempt, on several different occasions, to continue their work on said logging road after the first interruption by said defendants, and during said month of May, but that said defendants at each time prevented the continuance of said work, and threatened to do so, by violence, whenever said plaintiff or its employees shall attempt to construct said logging road; . . . . that the plaintiff is now, and at all of the times since May, 1892, has been, the owner of, and engaged in operating, a sawmill near the town of Sisson, in Siskiyou county, California, and that the timber for the transportation of which the aforesaid logging road is being constructed is necessary for the successful operation of said sawmill, and that unless the said defendants are restrained, by the order of the court from preventing the construction of the aforesaid logging road, and the transportion of timber on the same to said mill, the said plaintiff will be compelled to either close said sawmill, or operate the same at a loss; that the continuance of the aforesaid acts of said defendants, as hereinbefore alleged, will cause said plaintiff great and irreparable damage, and that defendants, as herein above stated, have heretofore and do now threaten to prevent the construction of said logging road by all means within their power; that the said defendants are, and each of them is, insolvent, and unable to respond in damages to plaintiff. Wherefore, said plaintiff prays that the said defendants, and each of them, their agents, employees, attorneys, and all persons claiming by, through, or under them, or either of them, be, by the order of this court, enjoined and restrained from in any way or manner interfering with the said logging road, or the proposed construction thereof on the land hereinabove described, and from interfering with the employees, and all of them, engaged at this time, or who may hereafter be engaged, in constructing said logging road, or any part thereof; also, from in any manner interfering with the land hereinabove described, or the timber situated thereon, or the employees of plaintiff operating thereon, for plaintiffs' costs

of suit herein, and for such other or further relief as to the court may seem proper."

Warren & Taylor (T. M. Osmont, of counsel) for appellant; Gillis & Tapscott and E. J. Emmons for respondent.

DE HAVEN, J.—Appeal from an order refusing to dissolve a preliminary injunction. The complaint states facts sufficient to justify the issuance of the injunction sought to be dissolved, and the court did not err in its ruling upon the motion to disolve the same. Order affirmed.

We concur: Fitzgerald, J.; McFarland, J.